Birchard, C. J.
The first assignment of error presents this single question: Did the court err in not placing a bystander on the list of persons summoned, in the place of *George McLefresh, one of the original thirty-six, who was excused on account of ill-health, before exhausting the remainder of the thirty-six? This point is settled by section 12 of the act directing the mode of trial in criminal cases (Swan’s Stat. 726), which provides that the jurors summoned, or such of them as are not set aside on challenge, together with so many of the bystanders having the necessary qualifications, as will make up the number of twelve; or, if the whole array be set aside, twelve of such bystanders as may not be set aside on challenge, shall be a lawful jury for the trial of the prisoner. Under this section we think the court was not required to delay proceedings till the sheriff had named the bystander whom he should first call when the entire array should be exhausted. That it was lawful for the court to proceod and ascertain whether a jury of twelve could be made up from those duly summoned, without resorting to the bystanders, as is ordinarily done in filling a panel for the trial of a civil issue.
A different course has sometimes been practiced on trials for -capital offenses in this court, but not as a matter of right, nor where it would seriously impede the progress of business. But in all such cases the jurors have been called in regular order, beginning with the first on the list, and going through with the whole in regular order, and exhausting it before calling the name of a bystander. It is not error to pursue either course as convenience may require.
The second question made is, was there error in overruling the challenge of William P. Lewis? The plaintiff had challenged peremptorily twenty-three persons before he made this challenge; and upon what ground he could claim a right for a further peremptory challenge, we can not tell. The statute gives the right to challenge peremptorily twenty-three and no more.
The third cause assigned for error is that the attorney appointed *310 to assist the prosecuting attorney in conducting the trial was not sworn, and not required to give bond. The statute requires nothing of the kind. The nature of the ^duties which were to be performed did not require it. And had the court yielded in this respect to the plaintiff in error, they would at least have done a very useless thing.
The fourth inquiry is, were the interrogations propounded to certain jurors, two of whom are challenged for cause by the state, proper ?
It can not be maintained that one is a suitable person to serve on any jury, who has imbibed such prejudices on any matter to be litigated on the trial, as would induce him to disregard the law and the facts governing the case. A trial before such persons can not be a fair trial. A man who would disregard his oath to save his conscience, is not fit to be trusted anywhere. One who has such strong prejudices, that he can not do what he knows to be right, when it conflicts with his peculiar theories, or whose mind is so obscured by his own peculiar notions, that he can, with a conscience void of offense, make the law of his country bend to his-own will and accommodate its provisions to his own visions of morality, ought never to be allowed to sit as a juror. If insane-on the particular subject to be inquired into, he is, as to that subject, no better than if altogether demented.
But was it right to question the juror upon his voir dire to-establish this cause of challenge? Nothing is more common than to allow any one to make use of the person offered as a juror to prove his own incompetency. In such cases leading and direct questions are always allowed to be propounded. The court are triers of the question of competency, and there is no danger in permitting such examination, because the court are to judge and pass upon the testimony after hearing it. The fact may as well be established by the person called as a juror as by the oaths of others. It is no reason why either party should be denied the privilege of using a person as a witness, that such person is expected to serve on the jury.
The next question is, should the court of common pleas have heard a further argument against the appointment of *John W. Lowe-to assist the prosecuting attorney in conducting the prosecution?
The bill of exceptions shows that the court of common pleas *311 made the appointment while one of the plaintiff’s counsel was addressing an argument to them, against the “propriety and expediency of such appointment,” having previously informed him that they would hear no further argument on that subject. What the grounds were, upon which it was sought to prove this supposed impropriety or inexpediency—what doubt existed that could possibly be removed by argument, does not appear, and upon what fact it was sought to base an argument, we are not informed. The exception seems to have been taken under the impression that when a man is placed upon trial for the crime of murder, he can not be prosecuted unless the attorney who may be selected on behalf of the Btate to aid in conducting the proceedings, is one that is perfectly acceptable to him. We know of no-reason why the state has not the same right to enjoy its preference-in selecting counsel, that is exercised by every other suitor. Nor can we see how the plaintiff was prejudiced by the refusal to hear his counsel’s argument on a matter where he had no right to be-heard at all. The subject was one on which his counsel could not offer an argument, except as amicus curies, without a departure from the rules of propriety, and the respect duo from counsel te the court. It was very disrespectful to the court to persist in making an argument after the notice given by the president judge.
Again, it is alleged that the court erred in informing the jury that they might examine the string with which a certain linen purse was tied, and “ decide by inspection whether it was or not in fact a wax-end.” It would be strange indeed, if, when it becomes material to establish a fact of this nature, a rule should be adopted,, excluding the highest evidence of which the fact was susceptible, the evidence of one’s own senses. Yet as this bill of exceptions shows, the court were requested by the plaintiff’s counsel to enforce such a rule *upon the jury, and we are called upon to find that they erred in not complying, we are bound to believe the point has been seriously presented in both courts; and yet to yield to such objections, however, pertinaciously persisted in, would be trifling with justice. In the whole record, there is nothing which can be reached by the general assignment. Judgment affirmed.